William D. Hyslop
Eastern District of Washington
Timothy J. Ohms
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BENNY GONZALES SEDANO,<br><br>Defendant | Case No. 2:18-CR-00012-WFN<br><br>Sentencing Memorandum |

Plaintiff, United States of America, by and through William D. Hyslop, United States Attorney for the Eastern District of Washington, and Timothy J. Ohms, Assistant United States Attorney for the Eastern District of Washington, submits the following Sentencing Memorandum.

I.

BACKGROUND

On January 27, 2018, the Defendant was indicted on one count of Felon in Possession of Firearms and Ammunition and one count of Possession of an Unregistered Firearm. ECF No. 1. On August 14, 2018, a Superseding Indictment was filed that broadened the allegations in Count 1 to include that the Defendant was also a Domestic Violence Misdemeanant and a Person Subject to a Restraining

Sentencing Memorandum- 1

Order. ECF No. 18. On August 20, 2019, a Second Superseding Indictment was filed to address issues stemming from the Supreme Court's decision in *Rehaif v. United States*, 588 U.S. ____ (2019). ECF No. 49. The Second Superseding Indictment alleged the unlawful possession of 11 firearms (one of with was a short shotgun that required registration under the National Firearms Act) and numerous rounds of ammunition in various calibers from at least five different manufacturers.

On October 22, 2019, the Defendant pled guilty to Count 1 of the Second Superseding Indictment pursuant to a Plea Agreement. ECF No. 59. The offense conduct in this case is outlined in the PSR ¶¶ 9-22 (ECF No. 62) and in the Plea Agreement. ECF No. 59 at 5-8. The plea agreement bound the government to recommend a sentence at the low end of the Guideline range as determined by the Court.

II.

DISCUSSION

A.    APPLICABLE LAW

In accordance with the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), sentencing courts must engage in a two-step process when imposing a sentence. The first step requires a court to calculate properly the advisory Guidelines sentencing range. *See United States v. Cantrell*, 433 F.3d 1269, 1279-80 (9th Cir. 2006). A sentencing court should use this range as a starting point for its assessment of an appropriate sentence. *Id*. The second step requires a sentencing court to impose a "reasonable" sentence in light of the all the factors under 18 U.S.C. § 3553(a). *See United States v. Marcial-Santiago*, 447 F.3d 715,717 (9th Cir. 2006); *United States v. Zolp*, 479 F.3d 715, 722 (9th Cir. 2007) (the scheme of downward and upward departures is treated as essentially replaced by the requirement that judges impose a "reasonable" sentence). A wide range of

sentences may be deemed reasonable. *See United States v. Mohamed*, 459 F.3d 979, 989 (9th Cir. 2006) ("reasonableness is a range, not a point" (quoting *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005)).

In fulfilling its responsibilities under 18 U.S.C. § 3553(a), the court is not limited in the information that it may consider; rather, it may consider any evidence that bears upon the defendant's background, character, and conduct:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.

18 U.S.C. § 3661. The information which the court may consider extends to prior allegations for which no criminal charges were filed or for which a defendant was previously acquitted. *United States v. Putra*, 519 U.S. 148 (1997).

Although *Booker* requires the court to consider the factors identified in U.S.C. § 3553(a), that requirement "does not necessitate a specific articulation of each factor separately, but rather a showing that the district court considered the statutorily-designated factors in imposing a sentence." *See Rita v. United States*, 551 U.S. 338 (2007); *United States v. Knows His Gun,* 438 F.3d 913, 918 (9th Cir. 2006). The factors a sentencing judge must consider are the nature and circumstances of the offense, and the history and characteristics of the defendant. The sentencing court must also consider the need for the sentence imposed to reflect the seriousness of the offense; promote respect for the law; provide just punishment; afford adequate deterrence to criminal conduct; protect the public from further crimes of the defendant; and provide the defendant with needed educational training, medical care, and other correctional treatment. A sentencing court must also consider "the need to avoid unwarranted sentencing disparities

Sentencing Memorandum- 3

among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

2.    Guideline Range:

Based on the PSR, the Defendant has an Adjusted Offense Level of 23, a Criminal History Category of VI (based on 14 criminal history points), and an advisory sentencing range of 92 to 115 months. PSR ¶¶ 38, 111, 212. The PSR further notes that the probation officer found no factors "that would warrant a departure from the applicable sentencing guideline range." PSR ¶ 227.

3.    Analysis of § 3553(a) Factors:

In evaluating the § 3553(a) factors, the court starts we start with the "nature and circumstances of the offense," and the "history and characteristics of the defendant" under Subsection (a)(1).

The nature and circumstances of the offense in this case and serious and weigh in favor of a Guideline sentence. Here, the Defendant has a lengthy and serious criminal history that includes offenses with violent or threatening conduct, controlled substance offenses, and property crimes. PSR ¶¶ 46, 52, 59, 69, 80, 85, 94, 99, 106. The Defendant's history includes numerous failures to appear in court and failures to comply with court orders. On separate occasions the Defendant has received substantial state sentences of 48 months and 60 months. PSR ¶¶ 69, 106. The Defendant also has numerous other arrests for serious offenses that did not result in conviction, include residential burglary, assault, possession of a stolen firearm, robbery, and six violations of no contact orders. PSR ¶¶ 123, 125, 129, 134, 136, 138, 146, 151. The Defendant was prohibited under federal law for possessing any firearms or ammunition under three separate prohibited categories. Despite this, the Defendant possessed multiple firearms and multiple rounds of ammunition, and one of the firearms fell within the category of those needed federal registration under the National Firearms Act. Based on this, the history and

Sentencing Memorandum- 4

characteristics of the Defendant and the nature and circumstances of the offenses both weigh in favor of a harsher sentence. Here, the government is not requesting a "harsh" sentence but is requesting a Guideline sentence at the low end of the range.

In addition, the Defendant's repeated violations of court orders demonstrates the need for a sentence that will promote respect for the law. This weighs against a sentence below the Guideline range. Similarly, the Defendant's history of serious violations of protection orders coupled with assaults, malicious mischief, and harassment demonstrate a need to protect the public from further crimes of the Defendant through incarceration and to deter the Defendant from committing further crimes following his release from custody. To date, the Defendant has not been deterred from further criminal conduct despite previously serving a state sentence of 48 months. These factors further weigh against a sentence below the low-end of the Guideline range. Given the absence of mitigating factors in this case, a sentence below the low-end of the Guideline range may also promote sentencing disparities with defendants similarly situated in other cases.

For the foregoing reasons and pursuant to the Plea Agreement entered in this case, the government recommends that the Court impose a sentence at the low end of the Guideline range, which the government believes to be 92 months.

Dated:  January 9, 2020.

William D. Hyslop
United States Attorney

s/ Timothy J. Ohms
Timothy J. Ohms
Assistant United States Attorney

Sentencing Memorandum- 5

# CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Lorinda Meier Youngcourt

s/ Timothy J. Ohms
Timothy J. Ohms
Assistant United States Attorney

Sentencing Memorandum- 6