FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 10, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>-vs-<br><br>BENNY GONZALEZ SEDANO,<br><br>              Defendant. | No.   2:18-CR-0012-WFN-1<br><br>ORDER DENYING MOTION TO REDUCE SENTENCE |

      Pending before the Court is Benny Gonzalez Sedano's *pro se* Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A). ECF No. 83. Mr. Gonzalez Sedano argues there are extraordinary and compelling reasons to reduce his sentence of imprisonment to time served because COVID-19 has made conditions at FCI Sheridan worse than expected. The Court denies the Motion because Mr. Gonzalez Sedano has not shown extraordinary and compelling reasons to reduce his sentence, and because the § 3553(a) factors weigh against early release.

## BACKGROUND

      In November 2017, law enforcement executed a search warrant on Mr. Gonzalez Sedano's residence. ECF No. 72 ¶¶ 13–16. They found 11 firearms and 291 rounds of ammunition. *Id.* Six of the firearms were ready to be transported, distributed, or sold. *Id.* ¶ 16. At that time, Mr. Gonzalez Sedano was prohibited from possessing firearms because he had a prior felony conviction, several misdemeanor convictions for domestic violence offenses, ECF No. 72 ¶¶ 59, 80, 85, 94, 106, and was subject to a court order restraining him from harming an intimate partner, ECF No. 59 ¶ 5. Mr. Gonzalez Sedano pled guilty to being a Felon and Domestic Violence Misdemeanant in Possession of Firearms and Ammunition.

ORDER - 1

ECF No. 77 at 1. He was sentenced to 92 months of imprisonment, *id.* at 2, which was the low end of the guideline range, ECF No. 72 ¶ 212.

## DISCUSSION

The Court may reduce a sentence under 18 U.S.C. § 3582(c)(1)(A)(i) if (1) there are "extraordinary and compelling reasons" to do so,[1] (2) the reduction is appropriate considering the factors set forth in 18 U.S.C. § 3553(a), and (3) the reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A); *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022). Prisoners must satisfy all three conditions to obtain compassionate release. *Wright*, 46 F.4th at 945. If any condition is not met, compassionate release must be denied. *Id*

Before moving for compassionate release, a prisoner must first exhaust their administrative remedies by asking the Bureau of Prisons [BOP] to move for compassionate release on their behalf. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). Once thirty days have lapsed from the warden's receipt of the prisoner's request, the prisoner has satisfied the exhaustion requirement. *Keller*, 2 F.4th at 1281. Even if the Court denies a motion for compassionate release on other grounds, it must address exhaustion if the Government properly raises the issue. *Id.*

**I. Mr. Gonzalez Sedano satisfied the exhaustion requirement.**

Mr. Gonzalez Sedano satisfied the exhaustion requirement by submitting his request for compassionate release to the warden more than thirty days before filing the instant Motion. ECF No. 83 at 5. Therefore, the Court will consider the merits of his request.

---

[1] Instead of establishing "extraordinary and compelling reasons," defendants may show that they are at least 70 years of age, have served at least 30 years of their sentence, the Director of the BOP has determined they are not a danger to any person or the community, and the § 3553(a) factors weigh in favor of reduction. 18 U.S.C. § 3582(c)(1)(A). Because Mr. Gonzalez Sedano is less than 70, this route is unavailable, and he must demonstrate extraordinary and compelling reasons for reducing his sentence. *See id.*

ORDER - 2

**II. Mr. Gonzalez Sedano has not demonstrated extraordinary and compelling reasons to reduce his sentence.**

Mr. Gonzalez Sedano argues general conditions at FCI Sheridan are an extraordinary and compelling reason to reduce his sentence. ECF No. 83 at 1–4. But while things at FCI Sheridan may be unpleasant, "general conditions that affect inmates indiscriminately throughout the prison are insufficient to support an individual defendant's claims for compassionate release." *United States v. Abdullah*, 2023 WL 5802622 (W.D. Wash. Sept. 7, 2023) (citing cases). Mr. Gonzalez Sedano cites cases to support an opposite conclusion, but in each of those cases the Court granted relief for significant individualized reasons. *See, e.g.*, *United States v. Beltran*, No. CR 19-35-GF-BMM, 2023 WL 3851047, at *3 (D. Mont. June 6, 2023). For the first time in reply, Mr. Gonzalez Sedano argues that he is not getting sufficient treatment for his post-traumatic stress disorder, anxiety, depression, and tooth decay. ECF No. 96. at 3, 7–9. The Court declines to consider this argument because it was raised for the first time on reply. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("[A] district court need not consider arguments raised for the firs time in a reply brief."). Besides, even if the Court were to consider Mr. Gonzalez Sedano's alleged health problems, they would not amount to an extraordinary and compelling reason to reduce his sentence. *Cf.* U.S.S.G. § 1B1.13(b)(1) (making more serious medical circumstances an extraordinary and compelling reason to reduce a sentence). The Motion must be denied because Mr. Gonzalez Sedano has not alleged extraordinary and compelling reasons to reduce his sentence.

**III. The factors set forth in § 3553(a) weigh against Mr. Gonzalez Sedano's early release.**

Mr. Gonzalez Sedano has a lengthy criminal history that includes multiple domestic violence convictions. ECF No. 72 ¶¶ 43–119. When the Court originally sentenced Mr. Gonzalez Sedano, it determined that the § 3553(a) factors supported a sentence of 92-month sentence. That has not changed. The seriousness of Mr. Gonzalez Sedano's crimes and the need to promote respect for the law, provide just punishment, deter criminal conduct, and

ORDER - 3

protect the public all weigh against reducing Mr. Gonzalez Sedano's sentence. Because the § 3553(a) factors weigh against reducing Mr. Gonzalez Sedano's sentence, the Motion must be denied.

The Court has reviewed the file and Motion and is fully informed. Accordingly,

**IT IS ORDERED** that Mr. Gonzalez Sedano's *pro se* Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A), filed September 5, 2023, **ECF No. 83**, is **DENIED**.

The District Court Executive is directed to file this order and provide copies to counsel and to *pro se* Defendant.

**DATED** this 10th day of April, 2024.

04-09-24

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4